NO. 07-08-0513-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

JUNE 9, 2009
______________________________

DANIEL LUIS CANCINO,
 
Appellant

v.

THE STATE OF TEXAS, 
 
Appellee

                                    _________________________________

FROM THE 69th DISTRICT COURT OF DALLAM COUNTY;

NO. 4046; HON. RON ENNS, PRESIDING
_______________________________

ON ABATEMENT AND REMAND
_______________________________

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.
          Appellant appeals from his conviction for aggravated assault. The clerk’s record
was filed on December 22, 2008, and the reporter’s record on February 24, 2009. 
Appellant’s brief was due on March 26, 2009. Neither a brief nor a motion for extension
was filed by that date, however. On April 2, 2009, the court sent a letter to appellant
notifying him that the brief was overdue and that it or a response was due on April 13,
2009. On April 13, 2009, appellant filed a motion for extension of time to file the brief. It
was granted, and the deadline was extended to May 11, 2009. On May 12, 2009, this
Court received appellant’s motion to withdraw as counsel, stating that “no non-frivolous
grounds for appeal” were found. The Court denied counsel’s motion to withdraw on May
20, 2009, stating “the motion to withdraw cannot be granted until counsel satisfies his
educational burdens, [and] files an Anders brief . . . The brief is due no later than Monday,
June 1, 2009.” To date, no brief has been filed.
          Consequently, we abate the appeal and remand the cause to the 69th District Court
(trial court) for further proceedings. Upon remand, the trial court shall immediately cause
notice of a hearing to be given and, thereafter, conduct a hearing to determine the
following:
          1.       whether appellant is indigent; 
 
          2.       whether appellant desires to prosecute the appeal;
 
3. whether appellant has been denied the effective assistance of
counsel due to appellate counsel’s failure to timely file an appellate
brief. See Evitts v. Lucey, 469 U.S. 387, 394, 105 S. Ct. 830, 834-35,
83 L. Ed.2d 821, 828 (1985) (holding that an indigent defendant is
entitled to the effective assistance of counsel on the first appeal as of
right and that counsel must be available to assist in preparing and
submitting an appellate brief).

          We further direct the trial court to issue findings of fact and conclusions of law
addressing the foregoing subjects. Should the trial court find that appellant desires to
pursue the appeal, is indigent, and has been denied effective assistance of counsel, we
further direct it to appoint new counsel to assist in the prosecution of the appeal. The
name, address, phone number, telefax number, and state bar number of the new counsel,
if any, who will represent appellant on appeal must also be included in the court’s findings
of fact and conclusions of law. Furthermore, the trial court shall also cause to be
developed 1) a supplemental clerk’s record containing the findings of fact and conclusions
of law and 2) a reporter’s record transcribing the evidence and argument presented at the
aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk’s
record to be filed with the clerk of this court on or before July 9, 2009. Should additional
time be needed to perform these tasks, the trial court may request same on or before July
9, 2009.
          It is so ordered.
 
                                                                           Per Curiam
Do not publish.



rce the law as written by the legislature. If
that body cares to define "deliver" as including the transfer of drugs by a mother to her
unborn child through the exchange of bodily fluids, it may do so. Yet, ours is not to write
where it has not. Accordingly, we reverse the judgment of the trial court and render
judgment acquitting appellant of the charge as averred in the indictment. 


 Brian Quinn 

 Chief Justice

Publish.
1. The bulk of the issues raised implicate constitutional matters. Authority holds, however, that if legal
disputes may be resolved on non-constitutional grounds they must so be resolved. Bradley v. State ex rel.
White, 990 S.W.2d 245, 247 (Tex. 1999) (stating that a court does not "consider constitutional challenges
when [it] can dispose of a case on nonconstitutional grounds"). And, while it is clear that the litigants wish us
to address the constitutional issues, we are compelled to abide by the foregoing authority. 
2. Because the State accused appellant, via the indictment of a delivery via "an actual transfer to" her
unborn child, we focus upon the construction of that term and omit further reference to the theory of
constructive transfer.
3. To the extent that the State contends appellant waived her complaint regarding the sufficiency of the
evidence, we find the argument unavailing. One cannot be convicted of something that is not a crime. And,
to accept the State's contention would be to ignore that truism.